UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RA NU RA KHUTI AMEN-BEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA., )<br>)<br>Defendant. ) | Civil Action No. 1:24-cv-00796 (UNA) |

### MEMORANDUM OPINION

On March 18, 2024, plaintiff, proceeding *pro se*, filed a 185-page prolix complaint, ECF No. 1, and an application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. On April 24, 2024, the court reviewed this matter and found that plaintiff, in contravention of Local Civil Rule 5.1(c)(1), failed to provide his telephone number or residence address, or alternatively, a motion for use of his P.O. Box address. *See* Order, ECF No. 4. Accordingly, plaintiff was provided with a 20-extention by which to correct this deficiency. *See id.* at 1.

Since that time, plaintiff apparently contacted the Clerk to notify the court that his motion for use of P.O. Box was embedded within the body of his complaint, and thereafter, the Clerk charitably retrieved that motion and separately docketed it. *See* Motion for Use of P.O. Box, ECF No. 5. In that motion, plaintiff appears to contend that he is currently without a residential address where he may receive mail. *See id.* at 2. Although plaintiff's motion does not comport with Federal Rule 7(b)(1)–(2), 10(a)–(b), or D.C. LCvR 5.1(g), the court will nonetheless grant plaintiff's request for use of a P.O. Box, and it also grants plaintiff's IFP application. Notwithstanding, this matter cannot survive dismissal.

Plaintiff sues the United States for damages relating to ambiguous claims that arise out of several areas of law including tax, contract, negligence, and myriad federal statutes including the

Foreign Corrupt Practices Act. *See* Compl. at 24–32. More specifically, plaintiff broadly challenges the outcome and determinations of a lawsuit that he filed several years ago in the U.S. Court of Federal Claims, as well as the actions taken in that matter by the presiding Judge, Hon. Margaret M. Sweeney. *See id.* at 4–5, 7–23; *see also Double Lion Uchet Express Tr. v. United States*, 153 Fed. Cl. 392 (Fed. Cl. 2021). Plaintiff alleges that Judge Sweeney, in coming to her decisions, violated her "fiduciary duty," and misappropriated plaintiff's estate, by receiving funds and accepting liability for taxes as trustee of the estate. *See* Compl. at 10, 12–13, 15, 22–23, 32. He contends that these alleged acts violated the Foreign Corrupt Practices Act, *see id.* at 8, and further, he asserts that taxes paid to the U.S. Government are owed back to him as debt, *see id.* at 6, 11–14, 16–22, largely relying on various Florida state statutes related to contract law and the Uniform Commercial Code, *see id*. at 4, 10, 12, 16, 19, 21, 33; Compl. Exhibits ("Exs."), ECF No. 1-1 through ECF No. 2-2.

Notably, plaintiff recently filed a substantially similar, if not identical, matter in this District, *see Amen Bey v. United States, et al*., No. 23-2299 (LLA) (D.D.C. filed Aug. 7, 2023), which was dismissed on March 29, 2024, *see id.* at Memorandum Opinion, ECF No. 20; Order, ECF No. 21. Despite plaintiff's attempt at a second bite at the apple in the instant matter, he fares no better this time.

Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought." Rule 8 protects defendants, ensuring that they have fair notice of the claim brought against them and can adequately defend themselves. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977); *see* 5 Charles Allen Wright et al., Federal Practice and Procedure § 1281 (4th ed. 2023) ("Unnecessary

prolixity in a pleading places an unjustified burden on the district judge and the party who must respond to it because they are forced to ferret out the relevant material from a mass of verbiage."). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A case will be dismissed as "patently insubstantial" where the allegations in the complaint are "clearly fanciful" or "'so attenuated and unsubstantial as to be absolutely devoid of merit'" that the court cannot discern a basis for federal jurisdiction. *Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994) (quoting *Hagans v. Lavine*, 415 U.S. 528, 536 (1973)). This includes claims that are "'essentially fictitious,'" such as allegations involving "bizarre conspiracy theories," "fantastic government manipulations of [the mind]," or "supernatural intervention." *Id.* at 330 (quoting *Hagans*, 415 U.S. at 537).

Plaintiff's allegations are sufficiently fanciful to warrant dismissal under this standard. He alleges that Judge Sweeney holds a "vacant office" but has a "fiduciary duty" to him, and that the United States is a "bankrupt entity." *See* Compl. at 8–10, 12–13, 15–16, 22–23, 32. He further alleges that Judge Sweeney, apparently through the course of his case before her, "modified [a] debt instrument thus securitizing the original note and converting it into publicly traded debt" and is now "in possession of illegal contraband as a result of being the holder of [the] debt instrument" and has a "tax liability" to him. *See id.* at 13, 15, 18–20. Throughout the complaint, plaintiff references 1099-OID tax forms, tax refunds, trusts created under Florida law, and various debt instruments, but he does not provide a coherent narrative explaining how these are relevant or how they connect to his intended claims. *See generally* Compl. To that same end, plaintiff's many exhibits do not remedy this issue, but rather compound confusion, *see* D.C. LCvR 5.1(e), because it is unclear how they relate to his claims, if at all, *see generally* Exs. (including, for example, a

receipt from a United States Bankruptcy Court, a Freedom of Information Act request directed to the U.S. Department of State, and a final notice of eviction on a Florida property, filings from other lawsuits, documents purporting to create a trust, and an "indemnity bond" for $100,000,000,000). Even generously construing plaintiff's complaint, his allegations fail to rise above pure conjecture. *See Martin v. Malhoyt*, 830 F.2d 237, 258 (D.C. Cir. 1987); *Meyer v. Reno*, 911 F. Supp. 11, 15 (D.D.C. 1996).

Additionally, and as noted above, this is not plaintiff's first attempt at filing this lawsuit in this District. "Duplicative lawsuits filed by a plaintiff proceeding *in forma pauperis* are . . . [also] subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e)." *Sturdza v. United Arab Emirates*, No. 09-0699, 2009 WL 1033269, at *1 n.2 (D.D.C. April 16, 2009) (citing *Risley v. Hawk*, 918 F. Supp. 18, 22 (D.D.C.1996), *aff'd*, 108 F.3d 1396 (D.C. Cir. Mar. 05, 1997); *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir.1997); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir.1995); *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir.1993)).

For all of these reasons, this matter is dismissed without prejudice. An order consistent with this memorandum opinion is issued separately.

Date:  May 20, 2024

_____/s/_____
AMIT P. MEHTA
United States District Judge